

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRACY SISSON, | No. 11-35246 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05738-RBL |
| v. | |
| MICHAEL J. ASTRUE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted June 6, 201[*]
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and HALL, District
Judge.[**]

Tracy Sisson appeals the denial of her application for disability benefits. We

have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Janet C. Hall, United States District Judge for the
District of Connecticut, sitting by designation.

1

decision upholding the Commissioner's denial of benefits *de novo*. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). We reverse the administrative law judge's decision only when it is not supported by substantial evidence or is based on legal error. *Id*.

Sisson contends that the ALJ committed legal error by failing to fully credit her testimony about the intensity, persistence, and limiting effects of her tremors. We agree. The ALJ should not have discounted Sisson's testimony about the limiting effects of her tremors based on her reported activities because none of the evidence in the record contradicts her assertion that her tremors are only intermittently severely limiting. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Next, Sisson contends that the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence. We agree. The ALJ did not set forth legitimate reasons for attributing limited weight to Dr. Duckworth's opinion that Sisson is limited to sedentary exertion by her cerebral palsy. *Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999); *Lester*, 81 F.3d at 830-31. The ALJ also failed to provide specific and legitimate reasons supported by substantial evidence to reject Dr. Wheeler's diagnosis of borderline intellectual functioning.

*Tackett*, 180 F.3d at 1102-03; *Lester*, 81 F.3d at 830-31. Lastly, the ALJ erred by failing to address or resolve the potential conflict between the testimony of Gail Sisson and Dr. Kesting. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Other errors made by the ALJ in determining Sisson's RFC were harmless. Specifically, the ALJ's mischaracterization of Sisson's cerebral palsy as historical and his mistake in recounting the results of Dr. Kesting's spelling examination are both harmless error. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Sisson contends that the ALJ made further errors in determining her RFC by failing to mention specific pieces of evidence from the reports of Dr. Mayers, Dr. Bremer, Dr. Downes, and Gail Sisson. The evidence to which Sisson points would not have added significant, probative value when considered in conjunction with other evidence that the ALJ discusses, and therefore the ALJ was not required to discuss these pieces of evidence specifically. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Finally, Sisson contends that the ALJ erred by determining that she could return to her past relevant work as a housekeeper, because he made that determination without establishing that such work constituted substantial gainful

activity.  Although we decline to decide this issue because it was not raised before the district court, we are troubled by the ALJ's failure to properly address the record on whether Sisson's past relevant work constituted substantial gainful activity.  20 C.F.R. § 404.1574(b)(3); *Lewis*, 236 F.3d at 515-16.

In light of these errors, we reverse the decision of the district court and instruct it to remand this case to the ALJ for further determinations consistent with this decision.

REVERSED and REMANDED.